## SOUTHERN DEPARTMENT—WESTERN DIVISION.
## FEBRUARY TERM, 1896.

WILLIAM SCOTT, *as Receiver of the Western Kansas Loan and Mortgage Company* v. GEORGE A. DAVIS *et al.*

No. 18.

1. CHATTEL MORTGAGE—*Conditions—Conversion by Mortgagee.* A stipulation contained in a chattel mortgage that on default the mortgagee may take possession of the mortgaged property and dispose of the same at public or private sale is a valid agreement, and it authorizes the mortgagee on default to take possession of the mortgaged property and exercise his judgment as to the most advantageous mode of selling the same, whether at public or private sale. But he must act in good faith in making such sale, and if he does so act, and sells the property, he is not liable to the mortgagor for anything above what is realized from the sale of the property; but where the condition of the mortgage requires the mortgagor to keep the property in the county where mortgaged, and the mortgagee on default of payment seizes the property and removes it from the county where mortgaged into a foreign county and there disposes of it, and fails to give the mortgagor any account or credit for the avails of such property, and afterward seeks by suit to recover the full amount of the indebtedness and interest, he must in such action account to the mortgagor for the reasonable cash value of the property at the time and place where the seizure took place.

2. —— *Removal of Property—Private Sale.* Where D. gave two chattel mortgages on property situated in the county of S., and the mortgages contained provisions that on default of payment of the indebtedness for which they were given as security the mortgagee should enter and take and remove and dispose of the same at public or private sale, *held,* that such mortgage did not authorize the mortgagee to remove the property to some foreign county and there sell it at private sale.

MEMORANDUM.— Error from Stafford district court; J. H. BAILEY, judge. Action by The Western Kansas Loan and Mortgage Company against George A.

Davis and others to recover on a promissory note. Judgment for defendants. Plaintiff brings the case to this court. Action revived in the name of William Scott, as receiver. Affirmed. The opinion herein was filed May 12, 1896.

The statement of the case, as made by JOHNSON, P. J., is as follows:

The Western Kansas Loan and Mortgage Company commenced an action in the district court of Stafford county against George A. Davis and Ozella Davis upon a promissory note dated September 12, 1888, for the sum of $370.06, due in 45 days from date thereof, payable at Macksville, with interest at 12 per cent. from date. This note was secured by chattel mortgage on certain property therein described. This note of $370.06 was given as collateral of certain other promissory notes given by Davis to the First Bank of Macksville, which had been renewal notes for various loans and dealings between Davis and the First Bank of Macksville and were afterward transferred to the Western Kansas Loan and Mortgage Company, whose money had been handled by the bank, and for which the bank had been transacting business. After issue had been joined between the parties in the original action, the whole matter was by agreement of parties referred to a referee, to hear the evidence and make a report to the court of his findings of fact and conclusions of law thereon. The referee after qualifying and giving notice to the parties of the time and place of trial, proceeded to hear the evidence and arguments of the respective parties and made a report in writing of his findings of fact and conclusions of law therein, and filed the same with the clerk of the district court. After the referee filed his report the plaintiff below

filed exceptions to the report of the referee, and the same was presented to the court by the respective parties. The exceptions to the report were overruled, and the plaintiff duly excepted to the judgment of the court in overruling its exceptions. On motion of the defendant below the report of the referee was confirmed, and a judgment rendered by the court in accordance with said report. The plaintiff below filed its motion to set aside the judgment and grant it a new trial, which motion was overruled, and plaintiff duly excepted and made case, and filed its petition in error with case made attached in the supreme court, and the same was duly certified to this court for its decision.

After the case was certified to this court the case was revived in the name of William Scott, as receiver of the Western Kansas Loan and Mortgage Company.

*C. N. Sterry,* and *W. H. Vernon,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSON, P. J. : This suit was originally commenced in the district court of Stafford county by the Western Kansas Loan and Mortgage Company against George A. Davis, Ozella Davis, A. J. Haman, Henry Bally and A. M. Coil to recover the sum of $370.06, alleged to be due to the plaintiff from the defendants on a certain promissory note bearing date September 12, 1888, with 12 per cent. per annum from date of said note. Service of summons was duly made on George A. Davis and Ozella Davis ; the other defendants were not served with summons, and made no appearance to the suit, and the case proceeded as an action against the defendants served with summons as though they were the sole defendants. The petition of

the plaintiff was an ordinary petition on a promissory note, praying judgment for the principal and interest according to the terms and conditions of the note. The defendants served with summons appeared and filed their answer to the plaintiff's petition, and set up their defenses in the following order: They admit the execution and delivery of the note set out in plaintiff's petition, but deny that there is anything due to the plaintiff on said note. In the second defense they say, that at the time this suit was brought the note had been fully paid by defendants, and that nothing was owing upon it. As a third defense the answering defendants say, that on and prior to the 28th day of April, 1887, and for a long time thereafter, the First Bank of Macksville, Kansas, belonged to and was owned by the plaintiff; that some time subsequent to April 28, 1887, certain transactions were had by George A. Davis with said bank, setting out fully the transactions of the bank with Davis in the way of loans and discounts and the giving of certain notes, and the renewal thereof from time to time, and the payment of interest on loans, and also including certain sums at different times by way of usurious interest, the giving of certain chattel mortgages to secure the payment of his indebtedness to the bank, and that all of the transactions between the defendant Davis and said bank were transactions had for and on account of the plaintiff, and with full knowledge of the plaintiff, and that all payments made on the several notes given by the defendant to the bank were notes of plaintiff and for its use and benefit; that the note in suit was given by defendants to the plaintiff as a collateral note to and on account of two other notes then held by plaintiff, one for $195 and the other for $267, and that a large

amount of usurious interest was included in said notes ; that these two notes were secured by chattel mortgages, describing the property mortgaged and giving particularly the payments made on each of said notes and the date thereof, together with the amount of usurious interest paid on each note, and the source of such indebtedness, and alleging that plaintiff had failed to give credit for the payments made on said indebtedness ; and alleging further that in December, 1888, the plaintiff took possession under its chattel mortgage of the property mortgaged against the will, wish and protest of the defendants, and unlawfully converted the same to its own use, and failed to credit the amount realized from the property upon the indebtedness of the defendants ; and prays that the property taken and converted by plaintiff to its own use be credited on said notes as of the date of said conversion, and that the usury set out be credited as payments upon said notes as of the date when made, and the notes be brought into court and canceled, and the defendants have judgment against the plaintiff for $80, the amount that they have paid in excess of the two notes and legal interest.

The plaintiff sets out in its reply to the answer of the defendants that the First Bank of Macksville was indebted to it in certain sums ; that in order to cancel and satisfy a portion of such indebtedness, to wit, the sum of $267 and the sum of $195, the two notes referred to in defendant's answer were executed ; that the form of the indebtedness was changed, and the plaintiff then became the creditor of George A. Davis and Ozella Davis, and two certain promissory notes were then executed in the sums above referred to, and to secure the payment thereof two certain chattel mortgages were executed, describing the property contained

in each of the mortgages; that one mortgage was given to secure one of the notes, and the other mortgage to secure the other note, and attaches copies of each of the mortgages, and makes them a part of the reply, and alleges that after the notes became due it took possession of certain portions of the property described in the chattel mortgages and sold the same at private sale, and is willing to give defendants credit for the amount realized from such sale.

After the issues were joined an order was made, by consent and, agreement of the parties, referring the case to a referee to take the evidence and make and report special findings of fact and conclusions of law therein.   The referee, after qualifying, proceeded to hear the evidence and argument of counsel, and made his report in writing, separately setting out his findings of fact and conclusions of law therein, and filed the same with the clerk of the district court of Stafford county, and plaintiff made and filed its exceptions to findings of fact and conclusions of law, which were heard by the court and overruled, and ruling excepted to, and the report of the referee was confirmed and judgment rendered in accordance with the findings of fact and conclusions of law, and plaintiff duly excepted to the judgment, and filed a motion for a new trial, which was overruled and exceptions taken. Plaintiff made a case and brings the same to this court for review.

The record is quite voluminous, and various objections and exceptions are contained in the case made, and are assigned as errors in plaintiff's petition in error, but the plaintiff now waives all exceptions and objections except one, and says in its brief filed herein :

 "While the record is quite voluminous, there is but one question particularly involved in this case — the

validity of an agreement in a chattel mortgage executed in this state which provides for a private sale of the property, and the right of the mortgagee to seize the property on default and, where there is no limit as to the place of sale in the instrument, to sell the same in an adjoining county."

This brings us to an examination of the terms of the chattel mortgages and the rights and liabilities of the parties thereunder. Each of the mortgages contains the same conditions in relation to the sale of the mortgaged property when the conditions require it, and are as follows:

"Then and thenceforth it shall be lawful for the party of the second part, their executors, administrators or assigns, or authorized agent, to enter upon the premises of the said party of the first part, or any other place or places where said goods and chattels aforesaid may be, to remove and dispose of the same and all equity of redemption of the said party of the first part, at public or private sale, to the person or persons who shall offer the highest price for the same, and out of the avails thereof to retain the amount which shall then be due upon the aforesaid obligation according to the conditions thereof, together with all reasonable costs and expenses attending the same, rendering to the said party of the first part or his legal representatives, the surplus money (if any there be), anything to the contrary notwithstanding; and until default be made as aforesaid, or until such time as said party of the second part shall deem themselves insecure as aforesaid, the said party of the first part to continue in peaceable possession of all said goods and chattels."

There is no question as to the validity of these mortgages or as to the terms and conditions thereof.

Section 17 of chapter 68, General Statutes of 1868 (Gen. Stat. 1889, ¶ 3911), reads:

"After condition broken, the mortgagee or his as-

signee may proceed to sell the mortgaged property, or so much thereof as may be necessary to satisfy the mortgage and costs of sale, having first given notice of the time and place of sale by written or printed handbills, posted up in at least four public places in the township or city in which the property is to be sold, at least ten days previous to the sale."

The supreme court of this state has decided that the parties to a chattel mortgage may waive the provisions of section 17 of the chattel-mortgage act, and may proceed to make such other disposition of the property as has been agreed upon between the parties at the time of giving the security. (*Denny v. VanDusen*, 27 Kan. 437.)

The agreement in these mortgages by which it is provided, upon default of payment of the money secured thereby, the mortgagee, by its duly authorized agent, should enter upon the premises wherever the goods and chattels might be and remove and dispose of the same at public or private sale, to the person or persons who shall offer the highest price for the same, is a valid agreement, and it authorizes the mortgagee to take possession of the property and sell the same to such person as would offer the highest price for it. It gave the mortgagee the right to determine whether it would be the more advantageous to all the parties interested in the property to sell it at private or public sale, but in doing so it required of it to act in good faith. At the time these mortgages were executed the property was all in Stafford county. The stipulation in the mortgages gave the mortgagors the right of the possession of the property until the maturing of the indebtedness, unless the mortgagee should sooner deem itself insecure, or a depreciation of the property, or the mortgagors should attempt to sell or remove the property from Stafford county. An attempt to

remove the property from the county would cause a forfeiture of the right of possession of the property of the mortgagors, and it gave the mortgagee a right to enter, and take and dispose of the property at public or private sale.

Do these conditions give the mortgagee the right, on taking possession of the property, to remove it from Stafford county to some other county, and there exercise its option to sell at public or private sale? Does the contract contemplate a sale of the property, after the condition broken, in some other county than where the property was at the time it was pledged for the payment of the indebtedness? The contract does require the property to be kept in Stafford county until the indebtedness was discharged. A fair interpertation of these contracts required the mortgagee, on default of the payment, to sell the property in Stafford county, and did not authorize the mortgagee to remove the property and sell it in some other market. It contemplated that the property should be sold in the county where it was mortgaged, and when the mortgagee took the property and removed it to some foreign county it was an appropriation of the property by it, and it should account to the mortgagors for the reasonable market value of the property as of the time and place it was removed to a foreign county by the mortgagee.

The referee found the value of the property at the time and place that plaintiff took possession of it, and found that defendants were entitled to be allowed the reasonable market value of the property at the time and place it was taken; that the plaintiff took the property and removed it to Pawnee county, and never accounted to the defendants for the property or any of the avails thereof, and brought suit against the de-

fendants for the full amount of the note and interest; and also found the amount of usurious interest included in the note, the amount paid on said indebtedness for which plaintiff had failed to give defendants credit.

The findings of the referee are sustained by sufficient evidence, and the judgment of the court is in accordance with the findings and conclusions of the referee.

The judgment of the district court is affirmed.

All the Judges concurring.